Justice Alito,
concurring in part and concurring in the judgment.
I concur in the judgment and join in Justice Breyer’s opinion except for Parts II-B-1 and II-B-2. Contrary to the suggestion of those sections, respondents’ primary defense of Vermont’s expenditure limits is that those limits are consistent with Buckley v. Valeo, 424 U. S. 1 (1976) (per curiam). See Brief for Respondent/Cross-Petitioner William H. Sorrell et al. 15-28 (hereinafter Sorrell Brief); Brief for Respondent/Cross-Petitioner Vermont Public Interest Research Group et al. 5-36 (hereinafter VPIRG Brief). Only as a backup argument, an afterthought almost, do respondents make a naked plea for us to “revisit Buckley.” Sorrell Brief 28; VPIRG Brief 36. This is fairly incongruous, given that respondents’ defense of Vermont’s contribution limits rests squarely on Buckley and later decisions that built on Buckley, and yet respondents fail to explain why it would be appropriate to reexamine only one part of the holding in Buckley. More to the point, respondents fail to discuss the doctrine of stare decisis or the Court’s cases elaborating on the circumstances in which it is appropriate to reconsider a prior constitutional decision. Indeed, only once in 99 pages of briefing from respondents do the words “stare decisis” appear, and that reference is in connection with contribution limits. See Sorrell Brief 31. Such an incomplete presentation is reason enough to refuse respondents’ invitation to reexamine Buckley. See United States v. International Business Machines Corp., 517 U. S. 843, 856 (1996).
*264 Whether or not a case can be made for reexamining Buckley in whole or in part, what matters is that respondents do not do so here, and so I think it unnecessary to reach the issue.